NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNNY MIKE TORRES,<br><br>               Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No.   14-73356<br>        15-70152<br><br>Agency No. A205-536-414<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2017
Pasadena, California

Before: KOZINSKI and OWENS, Circuit Judges, and SETTLE,** District Judge.

    1. The only evidence in the record that Torres's 1993 kidnapping and beating was "inflicted by or at the instigation of or with the consent or acquiescence of a public official" is Torres's statement that Delmar Mugel, his main assailant, said he was a police officer. 8 C.F.R. § 1208.18(a)(1). The record

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

thus does not "compel[] a contrary conclusion" to the BIA's determination that Torres failed to establish that Mugel was a public official. *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007).

Nor does the record compel a contrary conclusion to the BIA's determination that Torres's fear of future harm was too speculative. *Cf. Haile v. Holder*, 658 F.3d 1122, 1132-33 (9th Cir. 2011) (fear of future harm not speculative where petitioner presented evidence of recent persecution of her father and danger faced by political dissidents).

2. Torres waived his challenge to the BIA's denial of his motion to reopen and his motion for reconsideration by failing to raise these issues in his briefing. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**DENIED AND DISMISSED.**